| | |
|---|---|
| **JERRY JOSEPH,** | **CIVIL ACTION NO. 6:14-97-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION & ORDER** |
| **OFFICE OF PERRY COUNTY COMMONWEALTH ATTORNEY,** | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on a motion to dismiss brought by Defendant Office of Perry County Commonwealth Attorney (the "Commonwealth's Attorney's office") (DE 5). For the following reasons, the motion to dismiss will be granted, and all claims against the Commonwealth's Attorney's office will be dismissed.

Plaintiff Jerry Joseph alleges in his complaint that he was mistakenly arrested on March 20, 2013 for sexual abuse in the first degree. Joseph attempted to explain—to no avail—that the arrest warrant identified the wrong Jerry Joseph. He was brought first to the Leslie County Detention Center, at which time it became apparent to several officials they had arrested the wrong person. Nonetheless, Joseph remained in custody at the Leslie County Detention Center until he was transferred to the Perry County Detention Center. Officials in Perry County discovered the mistake and Joseph was released.

The plaintiff now brings this action against a number of defendants, alleging he was the victim of false arrest and imprisonment; intentional infliction of emotional distress; invasion of privacy, defamation, and false light; and violations of his civil rights under 42 U.S.C. § 1983. He seeks compensatory damages, punitive damages, and reasonable attorney's fees.

Among the defendants sued is the Commonwealth's Attorney's office. In his complaint, Joseph alleges that the warrant for his arrest was prepared by an unknown defendant employed by the Commonwealth's Attorney's office. He accordingly joins the unknown employee and the office itself as defendants, bringing all asserted claims against them both.

As an initial matter, the plaintiff failed to file a response to the defendant's motion to dismiss. According to Local Rule 7.1(c) in the Joint Local Rules of Civil Practice, "[f]ailure to timely respond to a motion may be grounds for granting the motion." But because this Court finds that the defendant's motion should be granted on its merits, reliance on this procedural rule is unnecessary.

The Commonwealth's Attorney's office correctly contends that dismissal is proper under Rule 12(b)(6) because sovereign immunity bars suit against the state. Whether sovereign immunity precludes a state-tort action is determined by Kentucky law. "It is an inherent attribute of a sovereign state that precludes the maintaining of any suit against the state unless the state has given its consent or otherwise waived its immunity." *Yanero v. Davis*, 65 S.W.3d 510, 517 (Ky. 2001). "Section 231 [of the Kentucky constitution] limits sovereign immunity to 'suits . . . against the Commonwealth.'" *Kentucky Cntr. for the Arts Corp. v. Berns*, 801 S.W.2d 327, 329 (Ky. 1990). In determining whether a suit is "against the Commonwealth," the Kentucky Supreme Court has stated that "sovereign immunity should extend [ ] to 'departments, boards or agencies that are such integral parts of state government as to come within regular patterns of administrative organization and structure.'" *Id.* at 332 (quoting *Kentucky Region Eight v. Commonwealth,* 507 S.W.2d 489, 491 (Ky. 1974)).

The Commonwealth's Attorney's office, which is a constitutionally-established office of the state government, is without question an integral extension of the state such that suit

against the office "may be legitimately classified as 'brought against the Commonwealth.'" *Id.* at 329. *See* Ky. Const. §§ 97, 231. As such, the Commonwealth's Attorney's office is shielded from suit unless the General Assembly has waived its immunity. Ky. Const. § 231. The Court is unaware of any act by the General Assembly waiving immunity in the present case, and the plaintiff has not indicated otherwise.

Joseph is similarly precluded from bringing his civil rights claim under § 1983. Section 1983 permits an individual to bring suit against any "person" who, while operating under color of state law, subjected the individual to a deprivation of his constitutional rights. *See* 42 U.S.C. § 1983. It is well-established that a state and its agencies are not considered "persons" for the purposes of § 1983 and are therefore not subject to suit under the statute. *See Parker v. Clymer*, 2010 WL 3190743, at *3 (W.D. Ky. Aug. 11, 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Thus, sovereign immunity protects the Commonwealth's Attorney's office from both the plaintiff's state-law torts and the federal civil-rights claims under § 1983.

* * *

The Commonwealth's Attorney's office is shielded from the plaintiff's claims by the doctrine of sovereign immunity. Accordingly, **IT IS ORDERED** that Defendant Office of Perry County Commonwealth Attorney's motion to dismiss (DE 5) is **GRANTED** and all claims against this defendant are **DISMISSED**.

Dated this 16th day of June, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3